UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES KENDRICK, D.D.S., P.A.,

Plaintiff,

-vs.-                                    Case No.:  6:06-cv-1201-Orl-19JGG

ORTHODONTIC CENTERS OF
FLORIDA, INC., a Delaware
Corporation,

Defendant.
_____

ORDER

This case comes before the Court on the following:

1.      Amended Motion to Remand and Incorporated Memorandum of Law, filed by Plaintiff James Kendrick, D.D.S., P.A. and Third-Party Defendant James Kendrick, D.D.S. (collectively "Kendrick") on September 11, 2006; (Doc. No. 20);

2.      Defendant's Motion to Transfer Venue to the United States Court for the Eastern District of Louisiana and Memorandum of Law in Support, filed by Defendant Orthodontic Centers of Florida, Inc. ("OCF") on September 27, 2006; (Doc. No. 25);

3.      Memorandum of Law in Opposition to Plaintiff's Amended Motion for Remand and Incorporated Memorandum of Law, filed by Defendant OCF on September 28, 2006; (Doc. No. 26);

4.      Defendant's Request for Oral Argument, filed by Defendant OCF on October 2, 2006; (Doc. No. 27); and

5.      [Amended] Memorandum of Law in Opposition to Defendant/Counter-Plaintiff/Third-Party Plaintiff's [sic] Motion to Transfer Venue to the United States District Court for the Eastern District of Louisiana, filed by Plaintiff Kendrick on October 6, 2006.  (Doc. No. 29).

**Analysis**

Defendant Orthodontic Centers of Florida, Inc. ("OCF") is a subsidiary of the corporation OCA, Inc., a large service provider catering to orthodontic and dental practices worldwide.[1]  Through long-term contracts called Business Services Agreements, or "BSAs," OCA and its subsidiaries, including OCF, provide business services to affiliated orthodontic and dental practices in exchange for a monthly service fee.  (*See, e.g.,* Doc. No. 25-2, ¶¶ 3-4).  On December 6, 2005, Plaintiff James Kendrick, D.D.S., P.A.,[2] initiated the instant action in the Ninth Judicial Circuit in and for Osceola County, Florida against Defendant OCF.  (*See, e.g.,* Doc. No. 3, filed on August 11, 2006).  In its Complaint, Plaintiff alleges, *inter alia*, that OCF breached a 1996 Business Services Agreement (the "Kendrick BSA") where the parties agreed that OCF would provide various business services to Plaintiff in

---

[1]      OCA's corporate headquarters, main office, and corporate employees, and business records are located in Metairie, Louisiana, located within the jurisdiction of the United States District Court in and for the Eastern District of Louisiana. (*See, e.g.,* Doc. No. 25-2, ¶ 3).

[2]      For purposes of brevity, the Court will collectively refer to Plaintiff James Kendrick, D.D.S., P.A., and Third-Party Defendant James Kendrick, D.D.S., as "Kendrick."

exchange for fees.[3]  (*See generally id.*).  On March 14, 2006, OCA, Inc. and many of its subsidiaries, including OCF, each filed for relief under Chapter 11 of the United States Bankruptcy Code.  The bankruptcy action is currently pending in the United States District Court in and for the Eastern District of Louisiana.  On August 11, 2006, OCF removed the instant action to this Court.  (*See* Doc. No. 1, filed on August 11, 2006).

In the instant case, Kendrick seeks remand of the case at bar to Florida state court, arguing that state law dominates the case and that the state court is the ideal arbiter of the dispute under *forum non conveniens* grounds.  OCF opposes remand and argues that the instant action is a "core proceeding" to the bankruptcy litigation and thus should be transferred to the Eastern District of Louisiana, which is also the most logical and convenient form to adjudicate this case.  A review of the underlying bankruptcy court litigation, however,  reveals that Kendrick has never received relief from the automatic stay of litigation initiated by OCF's Chapter 11 filing in the Eastern District of Louisiana.  Thus, the Court has no other recourse but to stay the instant case.

Pursuant to 11 U.S.C. Section 362, an automatic stay of all actions is imposed in Chapter 11 proceedings which bars the continued prosecution of claims in other courts against the debtor in such Chapter 11 proceedings.  *See* 11 U.S.C. § 362.  The automatic stay imposed by Section 362 is one mandated by a congressional act, not a restraint imposed by the courts; the stay becomes effective automatically and immediately upon the filing of a bankruptcy petition.  *See, e.g., In re Smith*, 876 F.2d 524, 525-26 (6th Cir. 1989); *Matter of Colonial Realty Co.*, 134 B.R. 1017, 1023-24 (Bankr. D. Conn. 1991).  Even those actions

---

[3]        The Kendrick BSA is representative of an OCA Business Services Agreement.

pending before the stay is imposed are prohibited from proceeding absent an order granting relief from such stay by the bankruptcy court. *See, e.g., In re Knightsbridge Dev. Co.*, 884 F.2d 145, 148-49 (4th Cir. 1989). The purpose of the automatic stay is twofold: 1) to give the debtor in Chapter 11 proceedings an opportunity to continue its business with its available assets; and 2) to ensure the equal treatment of similarly situated creditors. *See, e.g., In re Rush-Hampton Indust., Inc.* 98 F.3d 614, 617 (11th Cir. 1996). Given these dual purposes, which lay at the heart of bankruptcy jurisprudence, the stay provision is given a broad interpretation. *See, e.g., id.* Orders entered in a case which should have been stayed pursuant to a bankruptcy filing are generally void as a matter of law if the stay was lawful. *See, e.g., Knightsbridge*, 884 F.2d at 148-49; *Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371, 372-73 (10th Cir. 1990).

For these reasons, the Court will stay the instant case until the culmination of the bankruptcy proceedings currently pending in the United States Bankruptcy Court of the Eastern District of Louisiana, or until Kendrick is granted relief from the stay by such court. All scheduling orders entered in this case will be abated until such time.

## Conclusion

Based on the foregoing, the instant case and all proceeding herein shall be **STAYED**. Plaintiff James Kendrick D.D.S., P.A., shall provide the Court with a status report on the bankruptcy proceedings ninety (90) days from the date of the order and every ninety (90) days thereafter advising what, if any, further relief is required in this forum.

The Motion to Transfer Venue to the United States Court for the Eastern District of Louisiana and Memorandum of Law in Support, filed by Defendant Orthodontic Centers of

Florida, Inc. on September 27, 2006, (Doc. No. 25), the Amended Motion to Remand and Incorporated Memorandum of Law, filed by Plaintiff James Kendrick, D.D.S., P.A. and Third-Party Defendant James Kendrick, D.D.S. on September 11, 2006, (Doc. No. 20), and the Defendant's Request for Oral Argument, (Doc. No. 27), are **DENIED** without prejudice to reassertion at a later date.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this <u>25th</u> day of October, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record